IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ALED ROBERTS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-207 |
| § | |
| TESORO REFINING AND MARKETING § | |
| COMMPANY, et al., § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANTS' MOTION TO APPLY THE LAWS OF THE DOMINICAN REPUBLIC**

Plaintiff Aled Roberts ("Plaintiff") brings this action against Defendant Tesoro Refining and Marketing Company ("Tesoro"), Tesoro Far East Maritime Company ("Tesoro East"), One Marine, Inc. ("One Marine"), Columbia Ship Management Deutschland ("Columbia"), Overseas Shipholding Group, Inc. ("Overseas"), M/T CAPE AVILA, and Avila Tanker Corporation ("Avila") alleging that Plaintiff sustained serious injuries to his neck, back, and other parts of his body due to the unseaworthiness of the M/T CAPE AVILA and the negligence of the other Defendants. Columbia, Overseas, and Avila filed an Opposed Motion to Apply the Laws of the Dominican Republic, and Plaintiff filed a Response to said Motion. For the reasons outlined below, the Motion to Apply the Laws of the Dominican Republic is **DENIED**.[1]

**I. Background**

Plaintiff claims he was injured while disembarking from the M/T CAPE AVILA, which was

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

moored at a buoy mooring located approximately 2.5 miles from the port of Palenque in the Dominican Republic. Plaintiff was allegedly hired by Tesoro and Tesoro East, who were potential charterers of the M/T CAPE AVILA, to perform a pre-charter vetting inspection. Columbia was the manager, Overseas was the charterer, and Avila was the owner pro hac vice of the vessel. The M/T CAPE AVILA is a foreign flagged vessel. Plaintiff is a permanent resident of the United State and a citizen of the United Kingdom. Tesoro, Tesoro East, and One Marine are American companies. Columbia is a Cyprus based company. Avila exists, according to Plaintiff, under the umbrella of Columbia.

**II.  Legal Standard**

The question of whether United States or foreign law applies to a maritime injury case is "made pursuant to a multifactored analysis set out in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S. Ct. 921, 97 L. Ed. 1254 (1953) and further elaborated in *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 90 S. Ct. 1731, 26 L. Ed. 2d 252 (1970)." *Schexnider v. McDermott International, Inc.*, 817 F.2d 1159, 1161 (5th Cir. 1987). Under these cases, the following eight factors determine the choice of law: (1) the allegiance or domicile of the plaintiff; (2) the place of the contract; (3) the allegiance of the defendant shipowner; (4) the law of the flag; (5) the accessibility of the foreign forum; (6) the place of the wrongful act; (7) the law of the forum; and (8) the defendant shipowner's base of operations. These factors, while potentially suggestive of a mechanical approach to determining choice of law, are not all of equal or even comparable significance. *See Rhoditis*, 398 U.S. at 308–09, 90 S. Ct. at 1733–34; *Schexnider*, 817 F.2d at 1161. Generally, the law of the flag and the defendant shipowner's base of operations weigh most heavily in the determination. *See Lauritzen*, 345 U.S. at 583, 73 S. Ct. at 929 (stating that the law of the flag is of "cardinal importance" in determining applicable law);

*Rhoditis*, 398 U.S. at 309–10, 90 S. Ct. at 1734–35 (holding that the defendant's New York base of operations favored United States law despite the ship's Greek flag). On the other hand, the place of the wrongful act, and the inaccessibility of a foreign forum are seldom relevant to the choice-of-law determination. *See Lauritzen*, 345 U.S. at 582, 73 S. Ct. at 929 ("The test of location of the wrongful act or omission . . . is of limited application to shipboard torts, because of the varieties of legal authority over waters she may navigate."); *id.* at 589–90, 73 S. Ct. at 932 (finding an argument that justice required "adjudication under American law to save seamen expense and loss of time in returning to foreign forum" unpersuasive) . The national interests to be served by application of United States law may also influence the weight to be assigned each factor. *See Schexnider*, 817 F.2d at 1161 (citing *Rhoditis*, 398 U.S. at 308–09, 90 S. Ct. at 1733–34).

**III. Analysis**

Columbia, Overseas, and Avila claim that the Court should apply Dominican Republic law because "the substantiality of contacts between the incident at issue and the United States are minimal." (Defs.' Mot. at 4.) Plaintiff claims that applying Dominican Republic law is inappropriate because, other than the location of the wrongful act, the case has no connection to the Dominican Republic. As set out below, the *Lauritzen-Rhoditus* factors do not support an application of Dominican Republic law.

*A. The Place of the Alleged Wrongful Act*

Columbia, Overseas, and Avila contend that the incident occurred in the territorial waters of the Dominican Republic. Plaintiff claims that the alleged accident occurred in international waters, 2.5 miles from the coast of the Dominican Republic. Regardless of the exact location of the wrong, the Supreme Court instructs that the place of the alleged wrong "is of limited application to shipboard

3

torts." *Lauritzen*, 345 U.S. at 583, 73 S. Ct. at 929. Thus, while the Court will consider the location in its analysis, it will not bear the weight that Columbia, Overseas, and Avila give it in their brief.

B. *The Law of the Flag*

The M/T CAPE AVILA is Cyriot-flagged. Columbia, Overseas, and Avila contend that the law of the flag factor therefore weighs against the application of United States law. However, as Plaintiff aptly points out, Columbia, Overseas, and Avila are not requesting the application of Cyprus law. Thus, this factor does not weigh in favor of the application of Dominican Republic law. Defendants may not simply disprove that the law of the Plaintiff's chosen forum should not be applied, they must show that the law of another forum should. Thus, this factor is, at best, neutral.

C. *The Allegiance or Domicile of the Injured*

Columbia, Overseas, and Avila urge the Court to diminish the significance of Plaintiff's domicile in the United States because Plaintiff is a foreign citizen. Plaintiff points to the myriad connections Plaintiff has to the United States, including the following: he has a social security number, pays taxes, has a Texas drivers' license, is married to a citizen of the United States, and has a financially dependent step-daughter and grandson who are citizens of the United States. It is obvious that Plaintiff's allegiance is to the United States. Furthermore, in *Rhoditis*, the injured seaman was a permanent resident rather than a citizen, and the Supreme Court extended "to such an alien the same constitutional protections of due process that [it] accord[s] citizens." *Rhoditis*, 398 U.S. at 309, 90 S. Ct. at 1734. Thus, this factor weighs in favor of the application of United States law.

D. *The Allegiance of the Defendant Shipowner*

Columbia, Overseas, and Avila note that Avila is incorporated in the Marshall Islands, and,

as such, that this factor weighs against the application of United States law. However, Avila is not incorporated in the Dominican Republic, so this factor does not weigh in favor of the application of Dominican Republic law. Thus, this factor does not tip the scales either way.

E. *The Place of the Contract*

It is undisputed that the contract was entered into in the United States. Thus, this factor weighs in favor of the application of United States law.

F. *Inaccessibility of the Foreign Forum*

Plaintiff and Defendants agree that this factor is only relevant in a *forum non conveniens* analysis. Thus, it bears no weight in this analysis.

G. *The Law of the Forum*

The law of the forum factor is "given little weight in determining choice of law." *Fogleman v. ARAMCO*, 920 F.2d 278, 283 (5th Cir. 1991). Nevertheless, since Plaintiff, who is domiciled in the United States, brought the case in a United States District Court, any weight this factor may be given lies in favor of the application of United States law. *See id.* ("The Foglemans brought their suit in federal district court. Whatever weight the law-of-the-forum factor has, therefore, tells on the side of the application of United States law.").

H. *The Defendant Shipowner's Base of Operations*

Columbia, Overseas, and Avila claim that Avila is based in the Marshall Islands and that, therefore, the base-of-operations factor should weigh against the application of United States law. Plaintiff argues that it is difficult to pinpoint Columbia's, the M/T AVILA's manager, and Overseas's, the M/T AVILA's charterer, bases of operation since they own, operate, charter, and sub-charter vessels under various foreign flags from all over the world. Plaintiff claims that Avila exists under

the umbrella of Columbia. Regardless of which Defendant is considered the "shipowner," it is apparent to the Court that none of the Defendants are based in the Dominican Republic. Thus, this factor does not lie in favor of the application of Dominican Republic law.

In sum, the only factor that favors the application of Dominican Republic law is the place-of-the-alleged-wrongful-act factor, which is given little weight. The allegiance-or-domicile-of-the-injured factor and the place-of-the-contract factor both clearly lie in favor of the application of United States law. The law-of-the-forum factor, though given little weight, also lies in favor of the application of United States law. The other factors are neutral. The scales tip toward the United States. Thus, Columbia, Overseas, and Avila's Motion to Apply the Laws of the Dominican is **DENIED**.

## IV. Conclusions

For the reasons stated above, Columbia, Overseas, and Avila's Motion to Apply the Laws of the Dominican Republic is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 5th day of January, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge